THE SUPERVISORS OF LIVINGSTON COUNTY *vs.* McCARTNEY, sheriff, &c.

Where a warrant is issued by a county treasurer, directed to the sheriff, commanding him to levy of the property of a town collector the amount of a tax which the collector has neglected to pay into the treasury, the sheriff, upon collecting the amount specified in the warrant, is entitled to deduct and retain, for his fees, the same per centage to which collectors are entitled; viz. five per cent.

CONTROVERSY submitted without action, by a stipulation between the parties, upon these facts :

On or about the 20th day of February, 1857, several town collectors of Livingston county being in default in not paying over the several sums of money which had been collected by them for taxes, the county treasurer of said county, pursuant to the statute, issued to the defendant six warrants against said collectors, respectively, of the same form, excepting the name and amount, as the following :

"LIVINGSTON COUNTY, SS.

*The People of the state of New York to the sheriff of said county, greeting:*

Whereas, Ira Rogers, the collector of taxes for the town of Leicester, in the said county of Livingston, has neglected to pay to the undersigned, the county treasurer of the said county of Livingston, the sum required by his warrant to be paid to the

said county treasurer, to wit: The sum of three thousand seven hundred and seventy dollars and fifty-three cents, (3770.53,) and has also neglected to account for the same as unpaid. And whereas the time when such payment ought to have been made has elapsed, you are therefore hereby commanded, in the name of the people aforesaid, to levy the said sum of three thousand seven hundred and seventy dollars and fifty-three cents, so unpaid and unaccounted for by the said collector, of the goods and chattels, lands and tenements of the said Ira Rogers, such collector, and to pay the same to the undersigned, county treasurer, and to return this warrant within forty days after the date hereof. Given under my hand and seal at Geneseo, in said county, this 20th day of February, 1857. C. R. BOND, Treasurer of Liv. County. } [L. s.]"

The five other warrants, in like form and bearing the same date of the above, issued and delivered to the sheriff, were against the other collectors who were in default, for different sums, amounting, in the aggregate, including the one above set forth, to the sum of $14,796.02.

Pursuant to the exigency of said warrants, and the statute in that behalf, the defendant, as such sheriff, proceeded to collect and did collect the several sums mentioned therein, of the aggregate amount aforesaid, and paid to the county treasurer all the moneys levied by virtue of said warrants, deducting the sum of five cents on each dollar for the fees of said defendant, and which sum so retained the defendant still retains for his fees as aforesaid; which sum so retained by him, for his said fees, amounts in the aggregate to the sum of $739.80. The question was whether the defendant was entitled to deduct and retain that sum, as his fees and commissions upon the amount collected.

*Scott Lord,* for the plaintiffs.

*A. A. Hendee,* for the defendant.

*By the Court,* JOHNSON, J. The statute requiring the sheriff to execute warrants like those issued by the treasurer in this case, and to pay to such treasurer the money levied by virtue thereof, authorizes him to deduct "for his fees the same compensation that the collectors would have been entitled to retain." (1 *R. S.* 400, § 14.)

When this section was enacted, a collector of taxes was entitled to five per cent for his fees for collecting. This per centage was then added to the tax, by the board of supervisors, and formed part of the aggregate of the tax, which the county treasurer charged to each collector, when the tax list and warrant was delivered to him by such board of supervisors. (1 *R. S.* 396, § 38.) When the collector paid over to and settled with the treasurer, he was entitled to retain from the amount so charged, the five per cent for his fees. Under that system, when the treasurer issued his warrant to the sheriff, against a collector, it was issued for the whole amount, including the fees of the collector, which the sheriff collected; the statute, as we have seen, giving him the same per centage which it gave the collector, which he was authorized to deduct and retain. Thus the county lost nothing, if the sheriff succeeded in collecting the amount of the tax from the collector. This system was in part changed in 1845, by the legislature. (*Sess. Laws of* 1845, *ch.* 180, *pp.* 189, 190.) Under this act the collector's fees could not be added to the tax list and warrant. The fees of the collector were reduced to one per cent on all sums voluntarily paid by persons taxed, within thirty days after the collector had received his roll and warrant and given the notice required by the act, and he was allowed five per cent on the residue collected by him after the thirty days. This per centage the collector was authorized to add himself, and collect with the tax in the list. The treasurer of course could only charge the collector with the amount contained in the tax list and warrant; and when the collector paid over the money collected, to the treasurer, and settled his account, he was entitled to retain nothing from the

amount. And when it became necessary for the treasurer to issue his warrant, against a collector, he could only issue it for the precise amount the collector was required to pay into the treasury.

As the statute does not authorize the sheriff to collect any fees, from the collector, he can only collect the amount specified in the warrant. The consequence is, that either the sheriff can get no fees for the service, or the county is deprived of so much of the tax as will satisfy his claim for fees. The section requiring the sheriff to execute these warrants, and prescribing his compensation, still remains as it was originally enacted, and the question arises, whether the fees of the sheriff have been taken away by this subsequent legislation, so that he is now obliged to perform the service without compensation. By a strict and literal reading and interpretation of the statute as it now stands, such would undoubtedly be the result. The standard by which the sheriff's compensation is in terms granted, has been destroyed. The provision respecting compensation is a mere delusion, if not a snare. But after a careful consideration of the subject, I am clearly of the opinion that the sheriff is still entitled to his fees, the same as he was before the act of 1845. It was manifestly not within the intention of the framers of that statute, to deprive the sheriff of his fees, in cases like this. If they are taken away, it is by implication only, as neither the subject of the duty, nor the compensation, is mentioned, and neither, obviously, was intended to be embraced or affected.

A public officer is not to be deprived of the compensation prescribed by a statute, for services which he is required to perform, by implication ; unless such implication is entirely clear and necessary. It is a well established rule of interpretation, that when it is not manifestly the intention of the legislature that a subsequent act shall control the provisions of a former act, the subsequent act shall not be construed as having such an operation, even though the words, taken strictly and grammatically, would repeal the former act.

---

(*Smith's Com.* 879, § 757.) By the former act the sheriff was entitled to five per cent, although that per centage was not fixed in terms ; it was, nevertheless, rendered as definite and certain, by the provisions of the section, as though such per centage had been specified in terms. That was what was intended to be given. Had that per centage been named, in the section referred to, as the sheriff's compensation, there could be no pretense that the subsequent act had affected it. Construing both acts, as we are bound to do, by the clear and manifest intention of the legislature, it is entirely certain that the defendant has retained no greater amount for his compensation than the law allows. He must have this or nothing.

The loss to the treasury arises from the default of the collectors, and may be charged upon their respective towns. The defendant is therefore entitled to judgment.

[MONROE GENERAL TERM, December 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]